IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE WILLIAM BLOOD and<br>SRIKANTH RAGHUNATHAN | : | CIVIL ACTION NO. **3:CV-09-0229** |
| | : | |
| Plaintiffs | : | (Judge Conaboy) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| FEDERAL BUREAU OF PRISONS, | : | |
| | : | |
| Defendant | : | |

## **ORDER**

On January 29, 2009, Plaintiffs, George Blood and Srikanth Raghunathan, both alleged

seasoned litigants with the Courts (Doc. 1, pp. 4-5), jointly filed, *pro se*, this action with the United

States District Court for the District of Columbia ("D.C.") seeking a writ of mandamus, pursuant to

28 U.S.C. § 1361, preventing Defendant Bureau of Prisons ("BOP") from opening their legal mail

*sans* their presence and from imposing any restrictions with respect to the access and possession

of their legal materials. (Doc. 1). Plaintiffs' claims occurred when they were inmates at the Federal

Prison Camp at Lewisburg ("FPC-Lewisburg"), Lewisburg, Pennsylvania. Both Plaintiffs are still

inmates at FPC-Lewisburg. Each Plaintiff also filed a motion for leave to proceed *in forma pauperis*.

(Docs. 2 (Blood) and 3 (Raghunathan)). Plaintiffs also jointly filed a Motion for Preliminary

Injunction and Restraining Order with an attached Memorandum. (Doc. 4).

On February 3, 2009, the D.C. District Court transferred this case to the Middle District of

Pennsylvania District Court. (Doc. 5).[1] Since neither Plaintiff filed a proper *in forma pauperis*

---

[1]On February 8, 2009, Plaintiffs sent a Motion to the D.C. District Court requesting the
D.C. District Court to Reconsider its Order transferring their case to the Middle District of
Pennsylvania. (Doc. 9). In a letter to the Clerk of Court dated March 1, 2009, Plaintiffs state that

motion and authorization form, a 30-day Administrative Order was issued directing Plaintiffs to pay the filing fee or to file their own *in forma pauperis* motions and authorization forms. (Doc. 8).

On March 5, 2009, Plaintiff Raghunathan filed a proper *in forma pauperis* motion and Authorization form for himself. (Docs. 10 and 11). Plaintiff Blood, contrary to the directive of the 30-day Administrative Order, did not file his own proper *in forma pauperis* motion and Authorization Form. Rather, Plaintiffs state in their noted March 1, 2009 letter to the Clerk, that they "are enclosing only one application to Proceed *in forma pauperis* and Authorization to withdraw the full amount of the filing fee from Mr. Raghunathan's [inmate] account ... ." (Doc. 12).[2] Plaintiffs' Complaint names one (1) Defendant, namely the Federal Bureau of Prisons ("BOP"), and while it does not name any individual BOP Defendants, it implicates the prison staff employed at FPC and USP Lewisburg. We find that Plaintiffs are attempting to impermissibly join their separate claims which assert independent claims arising out of incidents unique to them, on different dates, *i.e.* the alleged improper opening of their own legal mail by prison staff not in their presence, and the alleged denial of access to and possession of all their own legal materials, related to their own separate pending court cases, which occurred while both Plaintiffs were confined at

---

the reconsideration motion they sent to the D.C. District Court was returned to them and not docketed and ruled upon by that Court. (Doc. 12). Plaintiffs also state that they will thus proceed in the Middle District of Pennsylvania. Accordingly, the Court will direct that Plaintiffs' Doc. 9 Motion be stricken from the docket in this case.

[2]On March 11, 2009, an Administrative Order was sent to the FPC-Lewisburg Warden directing him to deduct the entire filing fee for this case from Plaintiff Raghunathan's inmate account, and basically not to deduct any monies from Plaintiff Blood's inmate account. (Doc. 13). The Court will have this Administrative Order vacated for the reasons stated herein.

FPC-Lewisburg. *See Spencer & Keys v. Beard*, Civil No. 07-1021, M.D. Pa. (August 207 Order).

Plaintiffs seek to improperly join in the paying of a single filing fee for this action (Doc. 12), and only Plaintiff Raghunathan has filed a proper Motion to proceed *in forma pauperis* and Authorization Form. (Docs. 10 and 11). No motion for class certification was filed by Plaintiffs. While each Plaintiff is confined in the same prison and alleges similar improper conduct related to their legal mail and to the access/possession of their legal materials, each Plaintiff must exhaust his own BOP administrative remedies with respect to his separate and individual claims. Despite not having moved for class certification, and insofar as they seek to proceed under one filing fee as co-Plaintiffs, this case is not a class action and there is no class to join. Each Plaintiff must pursue their separate and distinct claims in their own separate civil rights action filed under the PLRA. *See Spencer & Keys v. Beard*, Civil No. 07-1021, M.D. Pa. (August 207 Order). Simply because each Plaintiff alleges similar First Amendment claims which occurred to them separately while incarcerated at FPC-Lewisburg, does not allow them to assert their claims jointly in one action. Plaintiffs' claims are unique to them, and joinder of their claims in one action is not permissible. If such filings were allowed, several inmates could avoid the payment of separate filing fees by filing a single action with this Court, with the only common thread being similar claims while confined in the same prison.

As the Court stated in *Naasz v. Dretke*, 2005 WL 1249439, *1 (N.D. Tx.):

> "to the extent plaintiff seeks to assert a claim in which all the signatories join as plaintiffs and share the filing fee, the Prison Litigation Reform Act does not permit such a course but, instead, requires a separate action and payment of the full filing fee by each prisoner. *Hubbard v. Haley*, 262 F.3d 1194 (11 Cir.2001)(PLRA statute passed after effective date of federal rule repeals the rule to the extent that it actually conflicts and, therefore, requires a separate

3

action and payment of full filing fee by each prisoner)."

In *Wilson v. Algarin*, 2008 WL 373630, *1 (E. D. Pa.), the Court stated:

> A prisoner proceeding *pro se* may not seek relief on behalf of his
> fellow inmates because he lacks formal legal training and thus cannot
> adequately protect the interests of the class. *See Lewis v. City of Trenton
> Police*, 175 F. App'x 552, 554 (3d Cir.2006) ( *citing Fyombo v. State Farm
> Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir.2000) and *Oxendine v.
> Williams*, 509 F.2d 1405, 1407 (4th Cir.1975)); *Alexander v. N.J. State Parole
> Bd.*, 160 F. App'x 249, 249 n. 1 (3d Cir.2005). Therefore, to the extent
> that Wilson has requested that this action proceed as a class action, the
> request is denied.
>
> Nor may the claims of the 27 additional plaintiffs be joined with
> Wilson's claims. Section 1915 of the Prison Litigation Reform Act of 1995
> ("PLRA) conflicts with Federal Rule of Civil Procedure 20, which allows
> multiple plaintiffs to join in civil actions in certain circumstances.
> Section 1915, which imposes special limitations with respect to *in
> forma pauperis* actions brought by prisoners, provides that "the prisoner
> shall be required to pay the full amount of a filing fee," which we
> construe as requiring each prisoner to bring a separate lawsuit. 28 U.S.C.
> § 1915. This conflicts with the language of Rule 20, which jointly ... arising
> out of the same transaction, occurrence, or series of transactions or
> occurrences and if any question of law or fact common to all these persons
> will arise in the action." In the circumstances of this case, §1915 prevails over
> Rule 20.[3]

The *Wilson* Court further stated that:

> The PLRA establishes certain financial requirements for prisoners bringing
> a civil action or filing an appeal *in forma pauperis*. Under the PLRA, each
> prisoner bringing a civil action *in forma pauperis* must pay the full amount
> of the $350 filing fee. 28 U.S.C.A. § 1915(b)(1). The prisoner must submit a
> certified copy of his inmate trust fund account statement for the six-month
> period immediately preceding the filing of his complaint so the court can
> determine how the $350 filing fee will be paid. 28 U.S.C.A.

---

[3] In *Wilson*, only one Plaintiff filed an *in forma pauperis* petition, as in the present case.

§ 1915(a)(2). The prisoner must obtain this statement from the appropriate
official of each prison at which he was or is confined during that period. *Id.*
The court must then "assess [the prisoner's financial status] and, when
funds exist, collect, as a partial payment of any court fees required by law,
an initial partial filing fee of 20 percent of the greater of (a) the
average monthly deposits to the prisoner's account; or (b) the
average monthly balance in the prisoner's account for the
six-month period immediately preceding the filing of the complaint ..."

*Id.*

The *Wilson* Court did not allow all of the Plaintiff inmates to proceed jointly in the one case.

As stated, the claims of our Plaintiffs, while similar, pertain to their own situations in which they

allege that prison staff improperly opened their legal mail and improperly did not allow them access

to and possession of their legal materials which they claim were essential to their separate pending

court cases.

Each inmate Plaintiff must pay the full filing fee for an action under the PLRA. *See Osterloth*

*v. Hopwood*, 2006 WL 3337505 (D. Mont.); *Wilson, supra*; *Spencer & Keys v. Beard, supra*. Since

each inmate-Plaintiff must pay the full amount of the filing fee, it is not permissible for multiple

Plaintiffs to join their claims together in one action. Title 28 U.S.C. §1915(b)(3) provides that, "[i]n

no event shall the filing fee collected exceed the amount of fees permitted by statute for the

commencement of a civil action." Thus, each of our Plaintiffs must pursue his claims as a separate

action, and each must pay in full the filing fee of an action. Otherwise, a full filing fee will be

collected from each inmate Plaintiff which will be double the amount permitted by statute for the

initiation of a civil action. As the *Osterloth* Court stated, "[i]f each Plaintiff is required to pursue his

or her case alone, the amount of the fees collected in each action will never exceed the amount

permitted by statute for the commencement of a civil action." 2006 WL 3337505, * 3.

5

In addition to the filing fee requirement, there are also Rule 11 concerns, and issues presented by the three strike rule under §1915(g), if multiple prisoner-Plaintiffs were permitted to file jointly single actions. As mentioned, there may also be separate exhaustion of administrative remedies issues that will arise regarding each Plaintiff if they are allowed to proceed jointly. Difficulties will be presented if one Plaintiff inmate exhausted his BOP administrative remedies and the other Plaintiff inmate did not. The issue will then be whether the entire case is subject to dismissal, or just part of it.

Our initial review of Plaintiffs' original Complaint under the Prison Litigation Reform Act of 1995 (the "PLRA") reveals that it contains similar but unrelated claims by each Plaintiff against the BOP prison staff, in violation of Fed.R.Civ.P. 20(a). *See Osterloth, supra.* Plaintiffs' Complaint alleges First Amendment violations which occurred separately to them, and they cannot join together in one civil action their unrelated claims. Nor is Plaintiffs' Complaint filed as a class action in compliance with Fed.R.Civ.P. 23. Plaintiffs' pleading, if allowed to proceed jointly, would be completely unmanageable and would allow them to circumvent their obligation to pay separate filing fees. Further, there is simply no reason why each of the experienced litigator Plaintiffs cannot file his own action with the Court as they have allegedly done so in the past. Plaintiffs' separate claims, which both relate to the manner in which FPC-Lewisburg staff opened their legal mail and allowed them access/possession of their legal materials, have no other similarities, since the alleged violations of the First Amendment (access to the court) and denial of their legal materials were unique to the individual Plaintiff. Thus, we find that each Plaintiff's claims are separate and distinct from the other's. Consequently, Plaintiffs' claims of improper opening of legal mail and denial of

access/possession of their legal materials asserted jointly in one action must be pursued by separate actions filed by each individual inmate, each on his own behalf, with payment of his own full filing fee or with filing his own proper *in forma pauperis* motion.

Moreover, while Plaintiffs have styled their action as a mandamus action under 28 U.S.C. § 1361 seeking to compel the BOP to perform its duties owed to them, we find that Plaintiffs have an adequate alternative means to seek the requested relief, *i.e.* a § 1331 civil rights action seeking injunctive relief for alleged violations of their First Amendment right to access to the courts.[4]

As the Court stated in *Mitchell v. U.S.*, 419 F. Supp. 2d 709, 711(W.D. Pa. 2005):

> 28 U.S.C. § 1361 states that "[t]he district courts
> shall have original jurisdiction of any action in the
> nature of mandamus to compel an officer or
> employee of the United States or any agency thereof
> to perform a duty owed to the plaintiff."

The *Mitchell* Court also stated:

> This Court has the authority to issue a Writ of Mandamus
> pursuant to the All Writs Act, 28 U.S.C. § 1651(a).  The
> Act states that "[t]he Supreme Court and all courts
> established by Act of Congress may issue all writs
> necessary or appropriate in aid of their respective
> jurisdictions and agreeable to the usages and principles
> of law." *Id.*

*Id.*, 712.

---

[4]The Court will strike the Motion for Preliminary Injunction and Restraining Order (Doc. 4) jointly filed by both Plaintiffs and will permit each Plaintiff to file their own motion after they file their separate § 1331 civil rights Complaints.

The standards for determining if a writ of mandamus should issue are:

> According to the Supreme Court, "[t]he extraordinary
> remedy of mandamus under 28 U.S.C. § 1361 will
> issue only to compel the performance of a 'clear
> nondiscretionary duty.'" *Pittston Coal Group v.
> Sebben*, 488 U.S. 105, 121, 109 S.Ct. 414, 424,
> 102 L.Ed.2d 408, 425 (1988) (quoting *Heckler v.
> Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d
> 622 (1984)). The Petitioner must show that he has
> no other adequate means to attain the relief he desires
> and that he has a clear and indisputable right to
> the writ. *See Glenmede Trust Co. v. Thompson*, 56
> F.3d 476, 482 (3d Cir. 1995). Once the Petitioner
> has made such a showing, it is still within the discretion
> of this Court to determine whether to issue the
> writ. *See id.*

*Id.*

The Court in *Bartosek v. Com of Pa.*, 2005 WL 2250684, * 1 (W.D. Pa.), stated:

> Mandamus is a "drastic remedy that 'is seldom issued and [ ] is discouraged."'
> *In re Patenaude*, 210 F.3d 135, 140 (3d Cir.2000). Petitioners must demonstrate
> that they "lack adequate alternative means to obtain the relief they seek" and they
> "carry the burden of showing that their right to issuance of the writ is 'clear and
> indisputable."' *Mallard v. United States District Court for the Southern District of
> Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).
> Section 1361 provides the federal courts with jurisdiction "in the nature of
> mandamus to compel an officer or employee of the United States or any
> agency thereof to perform a duty owed to plaintiff." *Id.* Federal courts have
> no authority to issue a writ of mandamus to state officers or private citizens
> under this provision.

*See also In re Razzoli*, 161 Fed. Appx. 203 (3d Cir. 2006).

The Court finds that a § 1331 civil rights action alleging violation of their First Amendment

rights is an adequate means for Plaintiffs to obtain the relief they seek in this case, and that they

should not style their new Complaints as seeking a writ of mandamus. *See Jones v. Brown*, 461 F.

3d 353, 364 (3d Cir. 2006) ("as a general matter ... prisoners have a First Amendment protected interest in being present when their legal mail is opened." "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violated that right.") (citations omitted). Inmates also have a First Amendment right to access to the courts. *See Atwell v. Lavan*, 557 F. Supp. 2d 532 (M.D. Pa. 2008); *Oliver v. Tennis*, 2008 WL 4755558 (M.D. Pa.); *Maxwell v. U.S.*, 2008 WL 460996 (M.D. Pa.) (inmate can obtain injunctive relief *via* a properly filed civil rights action and writ of mandamus was not appropriate for inmate to raise his Eighth Amendment denial of proper medical care claims since he had alternative available remedies by filing a civil rights action).

Therefore, each Plaintiff will be directed to file his own § 1331 civil rights action, and Plaintiff Blood will be directed to pay his own filing fee or file his own *in forma pauperis* motion and Authorization Form.[5]  Plaintiff Raghunathan will be allowed to file his Complaint under Civil Number 09-0229, M.D. Pa., since he has submitted the proper *in forma pauperis* motion and Authorization Form.  Plaintiff Blood will be directed to file his own separate Complaint, along with his own *in forma pauperis* motion and Authorization Form, which will then be docketed under a separate civil number with this Court.   Plaintiffs shall be directed to file their separate Complaints in conformity with Rules 8 and 20(a) of the Federal Rules of Civil Procedure.   Plaintiffs are reminded that their "complaint[s]  must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the [joint] complaint already

---

[5]Plaintiffs are forewarned that they cannot bring a *Bivens* civil rights action under § 1331 against the BOP or any federal agency. *See Douglas v. U.S.*, 285 Fed. Appx. 955 (3d Cir. 2008)(Per Curiam)(citation omitted).

filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, each complaint

must establish the existence of actions by the prison staff Defendants which have resulted in

constitutional deprivations. *E.g, Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976). Each complaint

should specify which actions are alleged as to which Defendants. The Plaintiffs' complaints must

be "simple, concise, and direct" as required by the Rules of Civil Procedure. *See*, Fed.R.Civ.P.

8(e)(1).

With respect to the attempt by Plaintiffs to proceed as co-Plaintiffs in one action which raise

claims unique to them contained in the original Complaint, the Court has found that Plaintiffs have

impermissively attempted to join their claims in one action, in violation of Fed. R. Civ. P. 20 (a).

Rule 20(a) provides in part:

> (a) Permissive Joinder. All persons  may join in one action as Plaintiffs if they
> assert any right to relief jointly, severally, or in the alternative in respect of or
> arising out of the same transaction, occurrence, or series of transactions or
> occurrences and if any question of law or fact common to all these persons
> will arise in the action.

Fed.R.Civ.P. 20(a).

Rule 20 only permits "joinder in a single action of all persons asserting, or defending against,

a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and

presents a common question of law or fact." 7 Charles Allen Wright, Arthur R. Miller & Mary Kay

Kane, *Federal Practice and Procedure* § 1652 at 371-72 (1986). "Permissive joinder is not, however,

applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right

to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the

same transaction or occurrence, or series of transactions or occurrences; and (2) some question of

10

law or fact common to all the parties must arise in the action." *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

There are no questions of law or fact common to each Plaintiff. As stated, each Plaintiff raises his own first Amendment claims deriving from events that occurred separately to them. Each Plaintiff raises separate First Amendment claims which occurred to them individually and not while they were together, and they each raise separate and distinct claims of improper opening of legal mail and denial of access/possession of their legal materials. Thus, joinder of the Plaintiffs under Rule 20 is not proper in this case.

Each Plaintiff's § 1331 civil rights Complaint should be limited with respect to only defendants and claims that occurred to them. Each Plaintiff must file their own separate action and may not jointly file one action. See *Ray v. Evercom Systems, Inc.*, 2006 WL 2475264 (D.S.C.)("the sharing of the filing fee by multiple prisoners ignore the congressional purpose in promulgating the PLRA"). Also, as in *Ray*, our Plaintiffs raise claims that are unique and particular to each Plaintiff. Thus, we will direct each Plaintiff to pay the full amount of the filing fee (*i.e. via* their own *in forma pauperis* motion and Authorization Form) by filing separate complaints.

If either Plaintiff fails, within the applicable time period, to file his Complaint adhering to the standards set forth above, it will be recommended that his action be dismissed.

AND NOW, this 17 day of **March , 2009,   IT IS HEREBY ORDERED THAT:**

1. Plaintiff Blood and Plaintiff Raghunathan shall each file his own separate § 1331 civil rights Complaint within **fifteen (15) days** of the date of this Order.

2. Plaintiff Raghunathan shall file his §1331 civil rights action under Civil Number 09-0229,

and he is not required to file a new *in forma pauperis* application and Authorization Form.

3. Plaintiff Blood will be assigned a new civil number when he files his § 1331 civil rights Complaint.

4. Plaintiff Blood must file his own *in forma pauperis* application and Authorization Form or pay his own filing fee.

5. Each complaint shall properly state a claim as discussed above.

6. Each complaint shall contain only the claims and defendants that are related and involve the same transactions or occurrences and have a common legal and factual basis as required by Rule 20(a).

7. The Plaintiffs' complaints shall be complete in all respects. They shall be new pleadings which stand by themselves as an adequate complaint without reference to the joint complaint already filed. The Plaintiffs'complaints shall also be "simple, concise, and direct," as required by the Rules of Civil Procedure. Fed.R.Civ.P. 8(e)(1).

8. Failure to timely file a Complaint by either Plaintiff, as directed above, will result in a recommendation that his action be dismissed.

9. The **Doc. 13** Administrative Order is **VACATED.**

10.  The jointly filed Motion for Preliminary Injunction and for Restraining Order **(Doc. 4)**

of Plaintiffs is stricken from the docket without prejudice for each Plaintiff to file his own injunction

motion after he files his own civil rights Complaint.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: March 17, 2009