UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE WILLIAM BLOOD and          :
SRIKANTH RAGHUNATHAN,             :
                                  :CIVIL ACTION NO. 3:09-CV-229
          Plaintiffs,             :
                                  :(JUDGE CONABOY)
          v.                      :(Magistrate Judge Blewitt)
                                  :
FEDERAL BUREAU OF PRISONS,        :
                                  :
          Defendant.              :
                                  :

_____

### MEMORANDUM

Here we consider Plaintiffs' Objections to Magistrate Judge
Blewitt's Order Dated March 17, 2009.  (Doc. 15.)  In his order,
Magistrate Judge Blewitt concluded that Plaintiffs should not be
permitted to proceed jointly in the above-captioned action.  (Doc.
14.)  With their objections, filed on April 2, 2009, Plaintiffs
present several bases for the Court to reject the Magistrate
Judge's determination.  (Doc. 15.)  For the reasons discussed
below, we concur with the Magistrate Judge's conclusion that the
Plaintiffs in this action should not be allowed to proceed jointly.

### I. Background

Plaintiffs are both inmates at the Federal Prison Camp at
Lewisburg ("FPC-Lewisburg"), Lewisburg, Pennsylvania.  (Doc. 14 at
1.)  They filed their four-count *pro se* Complaint (Doc. 1) in the
United States District Court for the District of Columbia on
January 29, 2009, and the Complaint was transferred to this Court
on February 3, 2009.  (Doc. 5.)  In their Complaint, Plaintiffs

assert that they each have pending, or are preparing to file, cases in at least two other district courts of courts of appeal.  (Doc. 1 ¶¶ 3-4.)  Plaintiffs assert that on April 21 and 29, 2008, Lewisburg staff received and opened Plaintiff Raghunathan's legal mail and enclosed documents (criminal case docket) without him present, denied him possession of his criminal case docket and returned the legal documents without him having had an opportunity to review them.  (*Id.* ¶¶ 5-6.)  Plaintiffs further assert that on June 26, 2008, Lewisburg staff received and opened Plaintiff Blood's legal mail and enclosed documents (criminal case docket) without him present and returned it without him having had an opportunity to review it.  (*Id.* ¶ 7.)  They also assert that Lewisburg staff received and opened "Plaintiffs' legal mail, not in the presence of inmate, and then delivered to inmate through the regular mail system."[1]  Plaintiffs allege this mail was clearly identified as coming from an attorney, contained legal documents and was clearly marked "LEGAL MATERIAL - TO BE OPENED IN INMATE'S PRESENCE ONLY" on July 31, 2008.  (*Id.* ¶ 10.)  Plaintiffs make an assertion identical to that of April 26, 2008, regarding mail received and opened on August 11, 2008.  (*Id.* ¶ 14.)  The Complaint also indicates Plaintiff Blood complained of at least some of these events and received responses to same.  (Doc. 1 ¶¶ 8-9, 11-13.)

---

[1] From the wording of this paragraph, which uses both singular and plural nouns, it is not clear whether the alleged events of July 31, 2008, involved both Plaintiffs.

2

Based on the events relating to Plaintiffs' legal mail, including the responses received to complaints to prison officials, on January 29, 2009, Plaintiffs filed their *pro se* Complaint in the United States District Court for the District of Columbia against the Federal Bureau of Prisons.  (Doc. 1.)  Plaintiffs assert that jurisdiction is based on 28 U.S.C. § 1361 (Doc. 1 at 3), an action to compel an officer of the United States to perform a duty, and 28 U.S.C. § 1331, federal question jurisdiction.  The four counts contained in the Complaint are identified as follows: Count 1, a Request for Preliminary Injunction and Permanent Injunction, which seeks to enjoin and restrain Defendant from "[i]nhibiting or restricting Plaintiff's from physically receiving and possessing all of their legal materials" (Doc. 1 at 9); Count 2, claiming Defendant violated 28 C.F.R. § 543.11 (*id.*); Count 3, claiming Defendant has acted contrary to its Program Statement 1315.07 (*id.* at 10); and Count 4, claiming Defendant has misapplied Program Statement 1351.05 in violation of Plaintiffs' constitutional rights (*id.* at 12).

On February 3, 2009, the District of Columbia District Court transferred this case to the Middle District of Pennsylvania. (Doc. 5.)  Since neither Plaintiff filed a proper *in forma pauperis* motion and authorization form, a 30-day Administrative Order was issued directing Plaintiffs to pay the filing fee or to file their own *in forma pauperis* motions and authorization forms.  (Doc. 8.)

3

Plaintiff Raghunathan filed a proper *in forma pauperis* motion and authorization form for himself on March 5, 2009.  (Docs. 10 and 11.)   Plaintiff Blood did not file a motion or authorization form. In a letter to the Clerk of Court for the Middle District of Pennsylvania dated March 1, 2009, and docketed on March 5, 2009, Plaintiffs explained, among other things, that they were enclosing one application to proceed *in forma pauperis* and one authorization form to have the full amount of the filing fee withdrawn from Plaintiff Raghunathan's account.  (Doc. 12 at 1.)  On March 11, 2009, the Clerk of Court sent an Administrative Order to the FCP-Lewisburg warden directing him to deduct the entire filing fee for the case from Plaintiff Raghunathan's inmate account.[2]  (Doc. 13.)

The Magistrate Judge found "Plaintiffs are attempting to impermissibly join their separate claims which assert independent claims arising out of incidents unique to them."  (Doc. 14 at 2.) Magistrate Judge Blewitt also concluded that Plaintiffs seek to improperly join in the paying of a single filing fee for this action and that each Plaintiff must pursue his separate and distinct claims in his own civil rights action.  (Doc. 14 at 3.) The Magistrate Judge noted that no motion for class certification had been filed and, although Plaintiffs are confined in the same prison and allege similar improper conduct related to their legal

---

[2]  The Magistrate Judge's Order of March 17, 2009, directs that this Administrative Order be vacated.  (Doc. 14 at 12 ¶ 9.)

4

mail and access/possession of legal materials, each Plaintiff must exhaust his own administrative remedies. (*Id.*) The Magistrate Judge also concluded that Plaintiffs are not entitled to relief under 28 U.S.C. § 1361. (Doc. 14 at 7.)

Plaintiffs object to the Magistrate Judge's Order on several grounds. (Doc. 15 at 2.) Plaintiffs first assert that the Court misconstrues/misapprehends Plaintiffs' action in that the Court considers the facts related to, and bases of, the action to be claims themselves. (*Id.*) Plaintiffs specifically identify the following claims: (a) Defendant violated 28 C.F.R. § 543.11; (b) Defendant acted contrary to Program Statement 1315.07; and (c) Defendant willfully misapplied Program Statement 1351.05 in violation of Plaintiffs' First, Fifth and Sixth Amendment rights.[3] (*Id.*) They assert that because the Lewisburg staff reported that

---

[3] With their objections, Plaintiffs identify the "questions that give rise to" the Court's jurisdiction under 28 U.S.C. § 1331 and 38 U.S.C. § 1361 as follows: (a) Did the BOP exceed its authority by promulgating policies contrary to and in violation of federal regulations and the United States Constitution?; (b) Did the BOP violate Plaintiffs' constitutional rights--First Amendment right to access to the courts, and Fifth and Sixth Amendment due process rights--and the Code of Federal Regulations by opening clearly identified legal mail and reading it without the inmate present? and (c) Did the BOP violate Plaintiffs' constitutional rights and the Code of Federal Regulations by depriving them of their ability to possess their own legal materials which are required for an effective and meaningful defense of their cases without a valid penological reason? (Doc. 15 ¶ 8.) Based on the questions set out above, Plaintiffs also clarify that pursuant to 28 U.S.C. § 1361 the Court "must compel BOP to perform a duty that is owed to Plaintiffs, i.e., abide by the USFC and CFR." (Doc. 15 ¶ 5.)

they were following program statements promulgated by the Bureau of
Prisons ("BOP") in Washington, the Federal Bureau of Prisons is the
proper Defendant.  (Doc. 15 ¶ 5.)  We find the most succinct
statement of Plaintiffs' claim in Plaintiffs' motion to reconsider
the United States District Court of the District of Columbia's
order transferring the case to the this Court: "The Plaintiffs
alleged that the only event forming the basis of Plaintiffs'
Complaint happened at the National Office of the B.O.P., . . . when
the B.O.P. promulgated Program Statement 1351.0[5][4], which is in
violation of Constitutional Amendments First, Fifth, Sixth, CFR Ch.
5 543.11 and B.O.P. Program Statement 1315.07."  (Doc. 9 ¶ 2(A).)

        Plaintiffs further object to the Magistrate Judge's Order with
the assertion that the filing fee of $350.00 is for the action and
should not be levied on each individual Plaintiff in this action
because the Court's Order regarding IFP filings allows for multiple
plaintiffs to file jointly and pay only one fee.  (Doc.  15 ¶ 6
(*citing* Doc. 15 Exhibit A).)  Plaintiffs next claim that joinder is
proper under Rule 20 of the Federal Rules of Civil Procedure in
that they meet the requirements for permissive joinder set out in
that rule.  (Doc. 15 ¶ 9.)  Plaintiffs also claim that exhaustion
of administrative remedies is futile because BOP personnel have

---

        [4]  Plaintiffs cite to Program Statement 1351.07, but we assume
this is in error as elsewhere they identify Program Statement
1351.05 as the BOP policy statement which is inconsistent with
other statutory and policy provisions.  (*See*, *e.g.*, Doc. 9 ¶¶ 2(C),
4; Doc. 15 ¶ 3(c).)

admitted that the conduct complained of is based on official BOP policies and they do not contest the facts asserted in this case. (Doc. 15 ¶ 10.)  Finally, Plaintiffs reassert their right to relief under 28 U.S.C. § 1361.  (Doc. 15 ¶ 11.)

## II. Discussion

Plaintiffs' objections to the Report and Recommendation highlight the interplay between two statutory provisions--Rule 20 Joinder which addresses the permissive joinder of multiple plaintiffs and/or defendants in one action and 28 U.S.C. § 1915 which governs *in forma pauperis* proceedings and imposes limitations on *in forma pauperis* actions brought by prisoners.  Because our decision rests on the propriety of joinder in this case, we will first address Plaintiffs assertion that joinder is proper under Rule 20 because they meet the requirements for permissive joinder set out in that rule (Doc. 15 ¶ 9).

*a. Permissive Joinder*

Plaintiffs assert that their joinder as Plaintiffs in this action is appropriate under Rule 20 of the Federal Rules of Civil Procedure.  (Doc. 15 ¶ 9.)  For the reasons discussed below, we conclude Plaintiffs do not satisfy the Rule 20 joinder requirements.

Rule 20(a) provides that plaintiffs may join in one action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction

or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  "In making a joinder decision, the district court is guided by the underlying purpose of joinder, which is to 'promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.'" *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) (*quoting Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1323 (11th Cir. 2000)). "[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay."  7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1652 (3d ed. 2009) (citations omitted).

For purposes of Rule 20, Plaintiffs maintain they assert their right to relief jointly and severally, Defendant's violations arise out of the same transaction and occurrence, and both Plaintiffs have a common question of law.  (Doc. 15 at 6.)  Plaintiffs further assert that the first two requirements are in the alternative so the violations need not have arisen from the same transaction, occurrence, or series of transactions or occurrences because they request relief jointly and severally.  (*Id.*)

We disagree that the two requirements set out in Rule 20 (a)(1)(A) are in the alternative.  Rather, given the position of the commas and conjunctions in the subsection, the provision is properly read that the "right to relief" must be asserted "jointly,

severally, or in the alternative" **and** the "right to relief" must be asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). The same "transaction, occurrence or series of transactions or occurrences" is a *requirement* for plaintiffs to be joined in an action. *See*, *e.g.*, *Moore v. Rohm & Haas*, 446 F.3d 643, 647 (6th Cir. 2006); *see also Atwell v. Lavin*, 135 Fed. Appx. 545, 546 (3d Cir. 2005) (interpreting similar language in (a)(2)(A) regarding joinder of defendants). In other words, subdivision (a) of Rule 20 "simply establishes a procedure under which the demands of several parties arising out of the same litigable event may be tried together." 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1652 (3d ed. 2009) (citations omitted).

Plaintiffs identify the only transaction or occurrence at issue as the BOP's promulgation of Program Statement 1351.05. (Doc. 9 ¶ 2(A).) Program Statement 1351.05 includes a provision which prohibits federal inmates from possessing copies of their presentence reports and statements of reasons from judgments in criminal cases and also provides that the inmate must be provided reasonable opportunity to access and review the document. *Martinez v. Bureau of Prisons*, 444 F.3d 620, 625 (D.C. Cir. 2006) (*citing* www.bop.gov/DataSource/execute/dsPolicyLoc); *Levi v. Nash*, No. 04-5233, 2005 WL 3610346 (D.C. Cir. Mar. 4, 2005); *United States v. Pugh*, 69 Fed. Appx. 628 (4th Cir. 2003); *Keys v. Dep't of Homeland*

9

*Security*, 570 F. Supp. 2d 59, 71 (D.D.C. 2008). Circuit Courts which have considered a claim that an inmate was denied possession of a document pursuant to Program Statement 1351.05 have clearly focused their inquiry on the underlying plaintiff-specific facts. *See*, *e.g.*, *Levi*, 2005 WL 3610346, at *1; *see also Pugh*, 69 Fed. Appx. at 629. To be entitled to relief on a claim that an inmate's constitutional rights have been violated by application of Program Statement 1351.05, the inmate must demonstrate some actual injury, for example, how "an actionable claim, which he desired to bring has been lost or rejected or that the presentation of such a claim is currently being prevented." *Levi*, 2005 WL 3610346, at *1 (citations omitted).

Here Plaintiffs' Complaint clearly indicates Plaintiffs have separate underlying claims regarding withholding of documents and separate cases pending in various courts.[5] (*See*, *e.g.*, Doc. 1 ¶¶ 3-7, 10, 14.) Given the circumstances unique to each Plaintiff, the demonstration of some actual injury will also be a separate matter. Therefore, the claims of these Plaintiffs cannot be considered to arise from the same transaction, occurrence, or

---

[5] Regarding Plaintiffs' claim that Program Statement 1351.05 deprived them of constitutional rights, we note that Plaintiffs' Complaint specifically identifies their criminal case dockets as documents they were not allowed to possess. (Doc. 1 ¶¶ 5, 6, 7.) We further note that Program Statement 1351.05's provision regarding presentence reports and statements of reasons does not address the possession of criminal case dockets. *See* Program Statement 1251.05 ¶ 12(a)(2)(d)(1), www.bop.gov/DataSource/execute/dsPolicyLoc.

series of transactions or occurrences.

Our conclusion on this matter is reinforced by the underlying purpose of Rule 20 and the Court's ability to exercise its discretion to deny joinder where, rather than promoting "trial convenience and expedit[ing] the resolution of disputes," *Swan*, 293 F.3d at 1253, joinder may "result in prejudice, expense or delay." 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1652 (3d ed. 2009) (citations omitted).

Having determined that joinder is improper and inadvisable in this case, we need not determine whether prisoner plaintiffs who satisfy the requirements of Rule 20 may join in a single action and, if so, what the appropriate fee should be.[6]  We acknowledge the general concerns regarding multiple-prisoner-plaintiff litigation raised by the Magistrate Judge in the Report and Recommendation.  (Doc. 14 at 5-6.)  We also agree that impracticalities inherent in multiple-prisoner litigation warrant careful consideration and may be best resolved by disallowing Rule

---

[6]  The Court recognizes different approaches to *in forma pauperis* ("IFP") inmate plaintiffs filing jointly.  *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004) (no irreconcilable conflict between Rule 20 and 28 U.S.C. § 1915 and district courts must accept multiple prisoner actions if Rule 20 requirements met); *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002) (28 U.S.C. § 1915 requires each prisoner to bring a separate suit, and to the extent Rule 20 conflicts with 28 U.S.C. § 1915, the statute repeals the rule).  *Boriboune* interpreted § 1915 to require multiple plaintiffs to each file the required fee even when properly joined in a single action.  391 F.3d at 855-56.

20 permissive joinder of inmate plaintiffs.  *See*, *e.g.*, *Eickleberry v. Lappin*, Civ. A. No. 09-1556, 2009 WL 961399, at *1 (D.N.J. Apr. 8, 2009).  However, because the Court's Administrative Order regarding *in forma pauperis* filings issued in this case provides directives for multiple-plaintiff IFP filings (Doc. 15 Ex. A),[7] we will reserve further discussion of the real or potential Rule 20/28 U.S.C. § 1915 conflict for a case which requires resolution of that issue, i.e., a case where plaintiffs meet the requirements of Rule 20.

Because Plaintiffs joinder is improper, we must determine the proper procedural next-step.  For the reasons discussed below, we basically agree with the Magistrate Judge that each Plaintiff must file his own civil rights complaint and generally accept the procedural provisions set out in his Order of March 17, 2009. (Doc. 14 at 11-12.)  However, we do so with a slight clarification.

Rule 21 of the Federal Rules of Civil Procedure addresses

---

[7] As discussed in Plaintiffs' objections (Doc. 15 ¶ 6), the Administrative Order in this case notes the following:

> The filing fee for a civil rights complaint is $350.00, regardless of the number of Plaintiffs named in the action.  Each Plaintiff is responsible for an equal share of the filing fee.  If only one Plaintiff executes the application to proceed *in forma pauperis* and authorization for, he/she will be solely responsible for complete payment of the $350.00 filing fee.

(Doc. 15 Ex. A.)

12

"Misjoinder and Nonjoinder of Parties."  It provides that
"[m]isjoinder of parties is not a ground for dismissing an action."
*Id.*  Rule 21 further states that "[o]n motion or on its own, the
court may at any time, on just terms, add or drop a party.  The
court may also sever any claim against a party."  *Id.*  On the basis
of the plain language of the Rule, the Third Circuit Court of
Appeals determined that the district court had erred in dismissing
the plaintiff's complaint on the basis of misjoinder.  *Atwell v.
Lavan*, 135 Fed. Appx. 545, 547 (3d Cir. 2005).

     With this guidance, we clarify that we do not read Magistrate
Judge Blewitt's Order to dismiss this case.  Rather, the case
continues with Plaintiff Raghunathan as the only Plaintiff in that
he is the Plaintiff who has completed the appropriate IFP
paperwork.  As the Magistrate Judge ordered, Plaintiff Raghunathan
is to file his own separate complaint (containing only claims
pertinent to him) which will be docketed as an amended complaint in
Civil Action Number 3:09-CV-229.  As the Magistrate Judge also
ordered, Plaintiff Blood is to file a separate action setting out
his individual claims and this action will be assigned a new civil
number.  If Plaintiff Blood wishes to proceed *in forma pauperis*, he
must file his own application and Authorization Form.

**(b) *Mandamus***

     With their objections, Plaintiffs reassert their right to
relief under 28 U.S.C. § 1361.  (Doc. 15 ¶ 11.)  Reading this as an

13

objection to the Magistrate Judge's determination that Plaintiffs' new complaints should not include this cause of action (*see* Doc. 14 at 7-9), we conclude the objection is without merit.

28 U.S.C. § 1361 provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  The Third Circuit Court of Appeals has stated "[t]he writ is a drastic remedy that is seldom issued and its use is discouraged."  *In re Patenaude*, 210 F.3d 135, 140 (3d Cir. 2000) (internal quotation omitted).  Our Circuit Court has summarized the three conditions that a petitioner must meet before a reviewing court may issue the writ:

> the petitioner must establish both that (1)
> there is "no other adequate means" to attain
> the relief sought and (2) a right to the writ
> is "clear and indisputable"; and (3) even if
> the first two conditions are met, the
> reviewing court in its discretion must
> conclude that the writ "is appropriate under
> the circumstances."

*In re Wilson*, 451 F.3d 161, 168 (3d Cir. 2006) (*quoting Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380-81 (2004)).  The extraordinary remedy of mandamus is not to be used where the underlying matters can be addressed in a civil rights action.  *See*, *e.g.*, *Weldon v. United States Attorney for the Middle District of Pennsylvania*, 294 Fed. Appx. 697, 698 (3d Cir. 2008) (not precedential).

14

We agree with the Magistrate Judge that a 28 U.S.C. § 1331 action alleging violation of First Amendment rights is an adequate means for Plaintiffs to obtain the relief they seek. (*See* Doc. 14 at 8.)   Therefore, we find Plaintiffs' objection to the Magistrate Judge's conclusion that mandamus is not proper in this case to be without merit.   For this reason, Plaintiff Raghunathan's amended complaint and Plaintiff Blood's complaint should not include a 28 U.S.C. § 1331 cause of action.

### (c) Exhaustion of Administrative Remedies

Finally, we address Plaintiffs' assertion that exhaustion of administrative remedies is futile in this case because BOP personnel have admitted that the conduct complained of is based on official BOP policies and they do not contest the facts asserted in this case. (Doc. 15 ¶ 10.)   Although a prisoner's failure to exhaust administrative remedies is an affirmative defense, *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002), and this case has not yet been served, we will address this objection in the interest of judicial economy.

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust all administrative remedies available to him prior to filing a federal civil action-"whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action."   *Nyhius v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000) (citing 42 U.S.C. § 1997e(a)).   The Third Circuit Court of Appeals employs a

15

"bright line rule that 'completely precludes a futility exception to [the PLRA's] mandatory exhaustion requirement.'"  *Banks v. Roberts*, 251 Fed. Appx. 774, (3d Cir. 2007) (*quoting Nyhius*, 204 F.3d at 71).

        These cases make it clear that Plaintiffs cannot rely on a futility exception to relieve them of the obligation to exhaust administrative remedies.

## III. Conclusion

    For the reasons discussed above, we concur with the Magistrate Judge that Plaintiffs may not proceed jointly in the above-captioned action.  (*See* Doc. 14.)  Therefore, we deny Plaintiffs' appeal of the Magistrate Judge's Order (Doc. 15).  An appropriate Order follows.[8]


                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge


DATED: April 24, 2009

---

    [8]  Because we have clarified some matters set out in the Magistrate Judge's Order and because certain deadlines established in that Order must be amended, we will reframe some of the matters determined therein.

16

```
                    UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE WILLIAM BLOOD and        :
SRIKANTH RAGHUNATHAN,           :
                                :CIVIL ACTION NO. 3:09-CV-229
            Plaintiffs,         :
                                :(JUDGE CONABOY)
            v.                  :(Magistrate Judge Blewitt)
                                :
FEDERAL BUREAU OF PRISONS,      :
                                :
            Defendant.          :
                                :
```

---

**ORDER**

AND NOW, THIS 24th DAY OF APRIL 2009, FOR THE REASONS DISCUSSED IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

1.  The objections raised in Plaintiffs' Objections to Magistrate Judge Blewitt's Order Dated March 17, 2009 (Doc. 15) are DENIED;

2.  Magistrate Judge Blewitt's Order dated March 31, 2009 (Doc. 14) is AFFIRMED as clarified;

3.  Based on this affirmance, Plaintiff Raghunathan and Plaintiff Blood may not file jointly;

4.  Civil Action Number 3:09-CV-229 goes forward as to Plaintiff Raghunathan only;

5.  Plaintiff Raghunathan is to file an amended complaint pursuant to 28 U.S.C. § 1331 within fifteen days of the date of this Order asserting only claims specific to him;

6.  Plaintiff Blood may file a new civil action pursuant to

17

28 U.S.C. § 1331 asserting only claims specific to him;

7.    Plaintiff Blood must file his own *in forma pauperis* application and Authorization Form or pay his own filing fee;

8.    The Administrative Order (Doc. 13) vacated by the Magistrate Judge's Order of March 17, 2009 (Doc. 14 at 12 ¶ 9), is to be reinstated as applicable to Plaintiff Raghunathan and Civil Action Number 3:09-CV-229 only;

9.    As ordered by the Magistrate Judge (Doc. 14 ¶ 10), the jointly filed Motion for Preliminary Injunction and Restraining Order (Doc. 4) has been stricken from the docket and each Plaintiff may file his own injunction motion after he files his individual complaint.


S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge