IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE WILLIAM BLOOD and : 
SRIKANTH RAGHUNATHAN : CIVIL ACTION NO. **3:CV-09-0229**
:
      Plaintiffs : (Judge Conaboy)
:
v. : (Magistrate Judge Blewitt)
:
FEDERAL BUREAU OF PRISONS, :
:
      Defendant :

## **REPORT AND RECOMMENDATION**

**I. Background.**

On January 29, 2009, Plaintiffs, George Blood and Srikanth Raghunathan, both seasoned litigants with the Courts (Doc. 1, pp. 4-5), jointly filed, *pro se*, this action with the United States District Court for the District of Columbia ("D.C.") seeking a writ of mandamus, pursuant to 28 U.S.C. § 1361, preventing Defendant Bureau of Prisons ("BOP") from opening their legal mail *sans* their presence and from imposing any restrictions with respect to the access and possession of their legal materials. (Doc. 1). Plaintiffs' claims occurred when they were inmates at the Federal Prison Camp at Lewisburg ("FPC-Lewisburg"), Lewisburg, Pennsylvania. Both Plaintiffs are still inmates at FPC-Lewisburg. Each Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Docs. 2 (Blood) and 3 (Raghunathan)).

On February 3, 2009, the D.C. District Court transferred this case to the Middle District of Pennsylvania District Court. (Doc. 5). Since neither Plaintiff filed a proper *in forma pauperis* motion and authorization form, a 30-day Administrative Order was issued directing Plaintiffs to pay the filing fee or to file their own *in forma pauperis* motions and authorization forms. (Doc. 8).

On March 5, 2009, Plaintiff Raghunathan filed a proper *in forma pauperis* motion and Authorization form for himself. (Docs. 10 and 11). Plaintiff Blood, contrary to the directive of the 30-day Administrative Order, did not file his own proper *in forma pauperis* motion and Authorization Form. Plaintiffs' Complaint named one (1) Defendant, namely the Federal Bureau of Prisons ("BOP"), and while it did not name any individual BOP Defendants, it implicated the prison staff employed at FPC and USP Lewisburg. We found that Plaintiffs were attempting to impermissibly join their separate claims in one pleading even though they were asserting independent claims arising out of incidents unique to them, on different dates, *i.e.* the alleged improper opening of their own legal mail by prison staff not in their presence, and the alleged denial of access to and possession of all their own legal materials, related to their own separate pending court cases, which occurred while both Plaintiffs were confined at FPC-Lewisburg. *See Spencer & Keys v. Beard*, Civil No. 07-1021, M.D. Pa. (August 207 Order).

On March 17, 2009, we issued an Order directing each Plaintiff to file his own § 1331 civil rights action, and directing Plaintiff Blood to pay his own filing fee or file his own *in forma pauperis* motion and Authorization Form.[1] Our order stated that Plaintiff Raghunathan would be allowed to proceed under Civil Number 09-0229, M.D. Pa., since he submitted the proper *in forma pauperis* motion and Authorization Form, and that Plaintiff Blood would be directed to file his own separate Complaint, along with his own *in forma pauperis* motion and Authorization Form, which would then be docketed under a separate civil number with this Court. (Doc. 14). On April 2,

---

[1]Plaintiffs were forewarned that they could not bring a *Bivens* civil rights action under § 1331 against the BOP or any federal agency. *See Douglas v. U.S.*, 285 Fed. Appx. 955 (3d Cir. 2008)(Per Curiam)(citation omitted).

2009, Plaintiff Blood filed Objections to our March 17, 2009 (Doc. 14) Order. (Doc. 15).

By Memorandum and Order dated April 24, 2009, the District Court issued a Memorandum and Order which directed, in pertinent part, as follows:

> 1. The objections raised in Plaintiffs' Objections to Magistrate Jude Blewitt's Order Dated March 17, 2 009 (Doc. 15) are DENIED:
>
> 2. Magistrate Judge Blewitt's Order dated March 31, 2009 (Doc. 14) is AFFIRMED as clarified;
>
> 3. Based on this affirmance, Plaintiff Raghunathan and Plaintiff Blood may not file jointly;
>
> 4. Civil Action Number 3:090-CV-229 goes forward as to Plaintiff Raghunathan only;
>
> 5. **Plaintiff Raghunathan is to file an amended complaint pursuant to 28 U.S.C. § 1331 within fifteen days of the date of this Order asserting only claims specific to him;**
>
> 6. Plaintiff Blood may file a new civil action pursuant to 28 U.S.C. § 1331 asserting only claims specific to him;
>
> 7. Plaintiff Blood must file his own *in forma pauperis* application and Authorization Form or pay his own filing fee;

(Doc. 18, pp. 17-18) (Emphasis added).

Thus, in its Order dated April 24, 2009, the District Court did not dismiss the case docketed to Civil No. 09-0229 with respect to Plaintiff Raghunathan. The District Court did, however, dismiss Defendant Blood from the Civil No. 09-0229 case and directed him to file his own § 1331 action.

On May 6, 2009, inmate Blood and Plaintiff Raghunathan jointly appealed the District Court's Doc. 18 Memorandum and Order to the United States Court of Appeals for the Third

3

Circuit. (Doc. 19). The appeal of inmate Blood and Plaintiff Raghunathan was docketed to Appeal No. 09-2396. (Doc. 21). The appeal of inmate Blood and Plaintiff Raghunathan regarding the District Court's April 24, 2009 Order is presently pending with the Third Circuit. Inmate Blood and Plaintiff Raghunathan did not file a Motion for Stay of the District Court's April 24, 2009 Order pending their appeal.

## II. Discussion.

In accordance with the District Court's Doc. 18 Memorandum and Order, Plaintiff Raghunathan was to have filed his Amended Complaint by May 9, 2009 in Civil No. 09-0229. To date, he has neither filed his Amended Complaint nor requested an extension of time within which to do so. As stated, no motion to stay this case was filed pending the disposition of the Notice of Appeal.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added). In the instant case, Plaintiff Raghunathan has failed to both prosecute his action and to comply with an Order of the Court by his failure to file an amended complaint as directed. Plaintiff Raghunathan should be deemed as abandoning his action. *See McCray v. Dauphin Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.).

Since we find that Plaintiff Raghunathan's conduct shows that he intended to abandon his case, Civil No. 09-0229, we do not perform an analysis of the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984), before recommending that this case be dismissed, without prejudice, under Rule 41(b). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994).

Moreover, while inmate Blood and Plaintiff Raghunathan state in their Notice of Appeal that they "construe [the District Court's Order dated April 24, 2009] as a Final Order," "the rule of finality [for purposes of appellate jurisdiction] requires that the judgment be final as to all parties and causes of action to be appealable." *Young v. Medden*, 241 Fed. Appx. 45, 46 (3d Cir. 2007) (citations omitted). Inmate Blood and Plaintiff Raghunathan seek to appeal the District Court's April 24, 2009 Order which only dismissed Blood from the Civil No. 09-0229 case and specifically allowed Plaintiff Raghunathan to proceed with this case. The original Complaint filed jointly by Blood and Raghunathan in the Civil No. 09-0229 case was only partially dismissed as to Blood. This case was not dismissed as to Raghunathan. Thus, it does not appear that a final order has been entered by the District Court in the Civil No. 09-0229 case as to all parties.[2] Also, the District Court has not certified its April 24, 2009 Order under Fed. R. Civ. P. 54(b) and, as mentioned, no stay of the Civil No. 09-0229 case has been granted.[3]

Therefore, Plaintiff Raghunathan was still obliged to comply with the District Court's April 24, 2009 Order despite the Notice of Appeal he and Blood filed.

---

[2]In the *Young* case, the Third Circuit Court of Appeals dismissed the Plaintiff inmate's appeal for lack of appellate jurisdiction insofar as it concerned the District Court's Order granting in part a partial motion to dismiss his complaint.

[3]Even if Blood and Raghunathan did file a Motion for Stay of the District Court's April 24, 2009 Order pending the outcome of their appeal, it is doubtful such a motion would have been granted since it seems as though the Order is not appealable based on the *Young* case, as indicated above. We note that "the ultimate determination of the appealability of [the District Court's April 24, 2009 Order] naturally rests with the Third Circuit; however, the likelihood of its hearing the appeal at this time is determinative of [a] request for a stay." *Strohl Systems Group, Inc. v. Fallon*, 2006 WL 3337486, *1 (E. D. Pa.).

**III. Recommendation.**

Based on the foregoing, it is respectfully recommended that this action be dismissed, without prejudice, on the basis of Plaintiff Raghunathan's failure to timely file his amended complaint and for his failure to comply with an Order of the Court.

**s/ Thomas M. Blewitt**_____
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 21, 2009**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE WILLIAM BLOOD and | : | |
| SRIKANTH RAGHUNATHAN | : | CIVIL ACTION NO. **3:CV-09-0229** |
| | : | |
| Plaintiffs | : | (Judge Conaboy) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| FEDERAL BUREAU OF PRISONS, | : | |
| | : | |
| Defendant | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 21, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                  **s/ Thomas M. Blewitt**
                                                  **THOMAS M. BLEWITT**
                                                  **United States Magistrate Judge**

**Dated: May 21, 2009**