UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE WILLIAM BLOOD and
SRIKANTH RAGHUNATHAN,
: CIVIL ACTION NO. 3:09-CV-229
Plaintiffs,
: (JUDGE CONABOY)
v. : (Magistrate Judge Blewitt)

FEDERAL BUREAU OF PRISONS,

Defendant.

FILED
SCRANTON

JUN 1 1 2009

**ORDER**   PER _____ CR _____
DEPUTY CLERK

***BACKGROUND OF THIS ORDER***

Magistrate Judge Blewitt's May 21, 2009, Report and Recommendation (Doc. 22) and Plaintiff's objections to the Report and Recommendation (Doc. 23) are pending before the Court. With this Report and Recommendation, Magistrate Judge Blewitt recommends dismissal of this action because the remaining Plaintiff, Srikanth Raghunathan, failed to file an amended complaint within the time allowed by the Court's April 24, 2009, Order (Doc. 18).

The objections filed primarily reargue our previous determination that Plaintiffs Blood and Raghunathan could not proceed jointly in this action (see, e.g., Doc. 18 at 16). (Doc. 23 at 1-8.) As these objections do not relate to Magistrate Judge Blewitt's Report and Recommendation under consideration here, we will not address them. Plaintiff's only relevant objection relates to the Court's jurisdiction of this case, with Plaintiff asserting that "jurisdiction of the case has transferred to the Court of

Appeals, therefore Magistrate Judge Blewitt's Report and Recommendation is moot." (Doc. 23 ¶ 20.)

When a plaintiff files objections to a magistrate judge's report, the reviewing court conducts a *de novo* review of those portions of the report to which objection is made. 28 U.S.C. § 636(b)(1). To warrant *de novo* review, the objections must be both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). The court may accept, reject or modify, in whole or in part, the findings made by the magistrate judge. 28 U.S.C. § 636(b)(1). Uncontested portions of the report are reviewed for clear error. *Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

We first note that we concur with Magistrate Judge Blewitt's analysis of the propriety of dismissal of the case and the effect of Plaintiff's appeal (Doc. 22 at 4-6). In addressing Plaintiff's objection, we will expand upon the jurisdictional issue raised.

Plaintiff's appeal is premised on construing the Court's Order of April 24, 2009, as a final order.[1] (Doc. 19 ("Plaintiffs construe this Honorable Court's Order as a final Order").) To be considered a final order which is appealable pursuant to 28 U.S.C. § 1291, "the order[] appealed must end the litigation as to all claims and all parties." *Williamson v. Correctional Medical Services, Inc.*, 304 Fed. Appx. 36, 37-38 (3d Cir. 2008), (*citing*

---

[1] The Notice of Appeal in Civil Action 09-CV-229, is also docketed as Document 1, Third Circuit Court of Appeals Appellate Docket Number 09-2396, docketed on May 14, 2009.

*Andrews v. United States*, 373 U.S. 334, 340 (1963)). The Court's April 24, 2009, Order did not dismiss Plaintiff Raghunathan (*see* Doc. 18 at 17 ¶ 4) and is, therefore, not appealable as a final order.[2]

Construing Plaintiff's appeal of the Court's April 24, 2009, Order (Doc. 18) as an improperly filed interlocutory appeal, this Court retains jurisdiction of the matters at issue in the pending Report and Recommendation. *See Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985). While the general rule is that "the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal," *id.*, there is an exception to the general rule, namely "that the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable" *id.* at 121 (internal quotations and citations omitted). Because the Court's April 24, 2009, Order (Doc. 18) was not a final order, it was not appealable, and Plaintiffs' improper appeal does not deprive this Court of

---

[2] In correspondence to Plaintiff Blood dated May 19, 2009, the United States Court of Appeals for the Third Circuit informed him that its jurisdiction of the case was questionable pursuant to 28 U.S.C. § 1291 as "only final orders of the district court may be reviewed" and any response regarding jurisdiction must be filed within 21 days of the date of the letter. (Appellate Case No. 09-2396, Doc. 00319618389.)

jurisdiction.[3]

Although we find Plaintiff's jurisdictional objection to be without merit and adopt the Magistrate Judge's analysis of the issues presented (Doc. 22), we will not dismiss the case at this time. Due to Plaintiff's mistaken belief that the Court was without jurisdiction to dismiss this action, we will allow Plaintiff Raghunathan another opportunity to file an amended complaint. If he fails to do so within the time allotted, the case will be dismissed for failure to follow a Court order and failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**ACCORDINGLY, THIS** _____11th_____ **DAY OF JUNE 2009, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 22) is adopted in part;

2. Plaintiff Raghunathan is to file an Amended Complaint asserting claims only specific to him on or before June 22, 2009;

3. Plaintiff Raghunathan's failure to do so will result in dismissal of this action.

*/s/ Richard P. Conaboy*
RICHARD P. CONABOY
United States District Judge

---

[3] The Court recognizes the judicially-created narrow exception to the final order rule, known as the collateral order doctrine, which the Supreme Court fashioned in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949), and allows appeal of a non-final order in certain circumstances. Plaintiffs do not argue, and we do not conclude, that the exception applies in the circumstances presented here.