IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SRIKANTH RAGHUNATHAN, | : | CIVIL ACTION NO. **3:CV-09-0229** |
| Plaintiff | : | (Judge Conaboy) |
| v. | : | (Magistrate Judge Blewitt) |
| FEDERAL BUREAU OF PRISONS, | : | |
| Defendant | : | |

## MEMORANDUM AND ORDER

**I. Background.**

On January 29, 2009, original Plaintiffs, George Blood and Srikanth Raghunathan, jointly filed, *pro se*, this action with the United States District Court for the District of Columbia ("D.C.") seeking a writ of mandamus, pursuant to 28 U.S.C. § 1361, preventing Defendant Bureau of Prisons ("BOP") from opening their legal mail *sans* their presence and from imposing any restrictions with respect to the access and possession of their legal materials. (Doc. 1). Plaintiffs' claims occurred when they were inmates at the Federal Prison Camp at Lewisburg ("FPC-Lewisburg"), Lewisburg, Pennsylvania.[1] Plaintiffs' original Complaint named only one (1) Defendant, namely the BOP, and while it did not name any individual BOP Defendants, it implicated the prison staff employed at FPC-Lewisburg and USP-Lewisburg. Each Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Docs. 2 (Blood) and 3 (Raghunathan)). Plaintiffs also jointly filed a Motion for Preliminary Injunction and Restraining Order with an attached Memorandum. (Doc. 4).

---

[1]Remaining Plaintiff Raghunathan is still an inmate at FPC-Lewisburg.

On February 3, 2009, the D.C. District Court transferred this case to the Middle District of Pennsylvania District Court. (Doc. 5). Since neither Plaintiff filed a proper *in forma pauperis* motion and authorization form, a 30-day Administrative Order was issued by the Middle District of Pennsylvania District Court directing Plaintiffs to pay the filing fee or to file their own *in forma pauperis* motions and authorization forms. (Doc. 8).

On March 5, 2009, Plaintiff Raghunathan filed a proper *in forma pauperis* motion and Authorization form for himself. (Docs. 10 and 11). Plaintiff Blood, contrary to the directive of the 30-day Administrative Order, did not file his own proper *in forma pauperis* motion and Authorization Form.

On March 17, 2009, the Court issued an Order which, in part, directed Plaintiff Blood and Plaintiff Raghunathan to each file his own separate § 1331 civil rights Complaint. Also, the Court directed that Plaintiff Raghunathan file his §1331 civil rights action under Civil Number 09-0229, and that he was not required to file a new *in forma pauperis* application and Authorization Form. The Court stated that Plaintiff Blood would be assigned a new civil number when he filed his own § 1331 civil rights Complaint, and it directed that Plaintiff Blood must file his own *in forma pauperis* application and Authorization Form or pay his own filing fee. (Doc. 15).[2]

Plaintiffs filed objections to the stated Order and on April 24, 2009, the District Court issued a Memorandum denying Plaintiffs' objections and affirming the March 17, 2009 Order with

---

[2] *See* 2009 WL 700194 (M.D. Pa.).

clarifications. (Doc. 18).³ The Court directed, in part, that Plaintiffs could not jointly file their action and that the case docketed under Civil Number 09-0229 would go forward as to only Plaintiff Raghunathan. The Court also directed Plaintiff Raghunathan to file an amended complaint pursuant to 28 U.S.C. § 1331, and it directed that Plaintiff Blood my file a new action with respect to only his claims under § 1331.

Subsequently, on May 6, 2009, inmate Blood and Plaintiff Raghunathan jointly appealed the District Court's Doc. 18 Memorandum and Order to the United States Court of Appeals for the Third Circuit. (Doc. 19). The appeal of inmate Blood and Plaintiff Raghunathan was docketed to Appeal No. 09-2396. (Doc. 21). Inmate Blood and Plaintiff Raghunathan did not file a Motion for Stay of the District Court's April 24, 2009 Order pending their appeal. Also, Plaintiff Raghunathan failed to file his amended complaint as ordered by the Court.

On May 21, 2009, we issued a Report and Recommendation ("R&R") and recommended that Plaintiff Raghunathan's action, Civl No. 09-0229, be dismissed, without prejudice, on the basis of his failure to timely file his amended complaint and for his failure to comply with an Order of the Court. (Doc. 22).

On June 11, 2009, the Court adopted our R&R in part, and directed Plaintiff Raghunathan to file his amended complaint by June 22, 2009. (Doc. 24). On June 24, 2009, the Court dismissed without prejudice Plaintiff Raghunathan's case since he failed to file his amended compalint. (Doc. 27).

---

³See 2009 WL 1118471 (M.D. Pa.).

On July 1, 2009, Plaintiff Raghunathan filed his Amended Complaint and also requested the Court to issue a preliminary injunction and restraining order. (Doc. 29).

On September 29, 2009, the Court re-opened the case of Plaintiff Raghunathan and stayed the case pending the resolution of the Third Circuit appeal of inmate Blood and Plaintiff Raghunathan regarding the District Court's April 24, 2009 Order. (Doc. 33). The Court directed that Plaintiff Raghunathan's Doc. 29 filing, at pages 2-10, would stand as his Amended Complaint. The Court also denied Plaintiff Raghunathan's request for a preliminary injunction and restraining order. (*Id.*). During the stay, on October 15, 2009, Plaintiff Raghunathan filed a Motion for Reconsideration of the Court's Order denying his request for a preliminary injunction and restraining order. (Doc. 36).

On November 9, 2009, the Third Circuit filed its Opinion in *Blood v. BOP*, C.A. No. 09-2396, and it dismissed the appeal of Plaintiff Raghunathan for lack of jurisdiction. (Doc. 37). On November 10, 2009, the District Court issued an Order and lifted the stay it imposed and remanded the case to the undesigned for further proceedings, including consideration of Plaintiff Raghunathan's Motion for Reconsideration of the Court's Order denying his request for a preliminary injunction and restraining order. (Doc. 38).

## II. Discussion.

We have reviewed the Amended Complaint of Plaintiff Raghunathan (Doc. 29), which is against only Defendant BOP, and find that it is fundamentally deficient with respect to the requirements of a § 1331 civil rights action. We shall direct Plaintiff Raghunathan to file a Second Amended Complaint naming the individual staff members of FPC-Lewisburg who he alleges were

4

personally involved with his First Amendment interference with legal mail claims. Once Plaintiff files a proper Second Amended Complaint, we will screen it and at the time it is ordered served on Defendants, we will direct Defendants to respond to Plaintiff's outstanding Motion for Reconsideration of the Court's Order denying his request for a preliminary injunction and restraining order (Doc. 36).

Plaintiff's Amended Complaint commences on page 2 of Doc. 29.[4] The Complaint, for the most part, does not specify any conduct, wrongful or otherwise, of any properly named Defendants. Plaintiff names only one Defendant in his Amended Complaint, namely the BOP. However, he implicates unnamed prison staff at FPC-Lewisburg with respect to his First Amendment interference with legal mail claims.[5]

As his first two claims, Plaintiff alleges that on April 29, 2008 and May 21, 2008, unnamed prison staff at FPC-Lewisburg opened and read his legal mail and enclosed document, *i.e.* his criminal case docket sheet, outside of his presence, and that they declared his docket sheet as contraband and denied him possession of his docket sheet. Plaintiff avers that unnamed prison staff at FPC-Lewisburg then returned the document to his co-Defendant's wife on one occasion and to his attorney on the other *sans* his opportunity to review it. Plaintiff alleges that the unnamed prison

---

[4] In his Amended Complaint, Plaintiff Raghunathan does not indicate if he has utilized the BOP grievance procedure available at FPC-Lewisburg and if he has exhausted his claims. The Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit, however the Defendant has the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Farmer v. U.S.*, 2009 WL 546202, *10 (M.D. Pa.). Plaintiff should state in his Second Amended Complaint if he has exhausted all of his claims.

[5] The unnamed prison staff are all presumably employed by the BOP at FPC-Lewisburg.

5

staff at FPC-Lewisburg routinely, in violation of BOP policy and his constitutional rights, deny inmates possession of various legal documents from their criminal case files, including their PSI, SOR and criminal case dockets. (Doc. 29, p. 5).

As his third claim, Plaintiff avers that unnamed prison staff at FPC-Lewisburg, on many occasions, opened and read his legal mail from attorneys and courts clearly marked as such outside of his presence and that they wrote "Not" over the "legal mail" demarcation on the envelope, and then delivered it to him *via* the prison's regular mail system. (*Id.*, p. 6).

As his final claim, Plaintiff avers that on April 6, 2009, unnamed prison staff at FPC-Lewisburg denied him possession of his criminal case docket sheet which was delivered to him by his attorney. Plaintiff states that his attorney then mailed the docket sheet to him, and that unnamed prison staff at FPC-Lewisburg opened and read the document and would not allow him to possess it. (*Id.*, p. 8).

Plaintiff seeks injunctive relief as well as unspecified relief.

We construe Plaintiff as raising First Amendment interference with legal mail claims against unnamed prison staff at FPC-Lewisburg. Initially, in a § 1331 civil rights action raising *Bivens*[6] claims, the BOP is not a proper party Defendant. *See Banks v. Roberts*, 2007 WL 3096585 (3d

---

[6] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).
Plaintiff's action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).
This is a *Bivens* action to the extent that Plaintiff may be seeking monetary damages from federal officials for alleged violations of his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).

Cir.)(Non-Precedential) (citing *FDIC v. Meyer*, 510 U.S. 471, 485 (1994)); *Michtavi v. U.S.*, 2008 WL 5703727, *7 (M.D. Pa.). Also, Plaintiff does not sufficiently allege with specificity what the personal involvement of each unnamed prison staff at FPC-Lewisburg was to violate his constitutional rights. In fact, Plaintiff only states that unnamed prison staff at FPC-Lewisburg were involved with his First Amendment claims. He does not mention any of the unnamed prison staff at FPC-Lewisburg by name and he does not name them as Defendants. Liability may only be based upon the Defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976); *Innis v. Wilson*, 2009 WL 1608502 (3d Cir.).

We find that Plaintiff has not stated a cognizable First Amendment interference with legal mail claims against any proper Defendant. Plaintiff's conclusory averments do not sufficiently state the personal involvement of any proper Defendant with respect to his First Amendment free speech claim for interference with legal mail. *See Taylor v. Oney*, 196 Fed. Appx. 126, 128 (3d Cir. 2006).

As the Third Circuit Court stated in *Taylor*, 196 Fed. Appx. at 128, "prison officials impinge upon the First Amendment rights of prisoners when they open prisoners' legal mail outside the presence of the addressee prisoner." (Citation omitted). "When bringing claims based on such a violation, prisoners need not allege or prove any 'actual injury' beyond the direct injury to their First Amendment right to use the mails." *Id.* Further, the inmate must allege (and later produce evidence of) the "personal involvement on the part of the Defendants in the alleged pattern and

practice of opening his mail." Id.[7]

Also, the doctrine of *respondeat superior* is not an acceptable basis for liability under § 1983. See *Drummer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993); *Rizzo v. Goode*, 423 U.S. 367 (1976); and *Innis, supra*.

As indicated by the above detailed First Amendment free speech claims of Plaintiff regarding the alleged opening of his legal mail outside of his presence and refusal to allow him to possess his legal documents, Plaintiff fails to state the personal involvement of any proper Defendants. Rather, Plaintiff states that his First Amendment rights were violated by unnamed prison staff at FPC-Lewisburg. Plaintiff must allege how specific prison staff members at FPC-Lewisburg were personally involved with the opening of his legal mail and with the confiscation of his legal materials. It is not sufficient for Plaintiff to merely allege that certain unnamed prison staff opened his legal mail and confiscated his legal documents. Also, Plaintiff must sufficiently show that these Defendants had personal involvement with the actual opening of his legal mail outside of his presence.[8]

---

[7]Plaintiff recognized that with respect to his present claims, he does not have to state how the withholding of his legal material caused him an actual injury with respect to a court case. (Doc. 29, p. 4).

[8] In *Frazier v. Diguglielmo*, 640 F. Supp. 2d 593, 599 (E.D. Pa. 2008), the Court stated:

> Prisoners retain the right to freedom of speech under the First Amendment while they are incarcerated. See *Beard v. Banks*, 548 U.S. 521, 126 S.Ct. 2572, 2577, 165 L.Ed.2d 697 (2006); *Ramirez v. Pugh*, 379 F.3d 122, 125-26 (3d Cir.2004). However, a "prison regulation [may] impinge[ ] on inmates' constitutional rights ... if it is reasonably related to legitimate penological interests and [is] not an exaggerated response to those concerns." *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct.

8

Thus, we will direct Plaintiff to file a Second Amended Complaint with respect to his First Amendment free speech claims regarding the opening of his legal mail and the confiscation of his legal materials. See Taylor, supra.

Pro se parties are accorded substantial deference and liberality in federal court. Haines v. Kerner, 404 U.S. 519, 520 (1972); Hughes v. Rowe, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in civil rights cases,[9] a civil rights complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so

---

2254, 96 L.Ed.2d 64 (1987) (quoting Block v. Rutherford, 468 U.S. 576, 586, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984)).

See also Bowens v. U.S. Dept. of Justice, 2009 WL 3030457, *4 (M.D. Pa.).

We note that if Plaintiff is also asserting a tort claim for lost property or a due process claim for confiscated property under the Fifth Amendment, i.e. his allegations that BOP staff illegally confiscated his criminal docket sheets, such claims may be suspect. See Thompson v. U.S., 2008 WL 471553, *2 (M.D .Pa.)("The confiscation of the Plaintiff's criminal docket sheets [by BOP staff] properly satisfies the detention of property provision of [the FCTA] § 2680(c)."); Bowens v. U.S. Dept. of Justice, 2009 WL 3030457, *3 (M.D. Pa.).

[9] In Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to § 1983 actions. The Court noted that a § 1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." Id at 167.

that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986). A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials. Also, a civil rights pleading must include factual allegations to support the constitutional claims raised in the complaint. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 1953 (2009).

Under even the most liberal construction, Plaintiff's Amended Complaint (Doc. 29) is in clear violation of Rule 8. It does not give any properly named Defendant fair notice of what Plaintiff's claims against him are and the grounds upon which they rest. Even taking into account the fact that Plaintiff is proceeding *pro se*, his Amended Complaint is not in conformity with Rule 8 of the Federal Rules of Civil Procedure. It certainly does not set forth in brief, concise, and understandable terms the personal conduct of each Defendant about which Plaintiff is complaining. Accordingly, Plaintiff will be directed to file a Second Amended Complaint.

Plaintiff is also reminded that his second "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must establish the existence of actions by the Defendants which have resulted in constitutional deprivations. *E.g, Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976). It should specify which actions are alleged as to which Defendants. Plaintiff's Second Amended Complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure. *See*, Fed.R.Civ.P. 8(e)(1). If Plaintiff fails, within the applicable time period, to file his Second Amended Complaint

adhering to the standards set forth above, it will be recommended that his action be dismissed.

AND NOW, this 8th day of **November, 2009, IT IS HEREBY ORDERED THAT:**

1. Plaintiff shall file a Second Amended Complaint with respect to his First Amendment claims within **fifteen (15) days** of the date of this Order.

2. The Second Amended Complaint shall properly allege claims under 28 U.S.C. § 1331 as specified above.

3. The Second Amended Complaint shall be filed to the same docket number as the instant action and shall be entitled "Second Amended Complaint."

4. The Second Amended Complaint shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. The Second Amended Complaint shall also be "simple, concise, and direct", as required by the Rules of Civil Procedure. Fed.R.Civ.P. 8(e)(1).

5. Plaintiff's failure to timely file his Second Amended Complaint will result in a recommendation that this action be dismissed for failure of the Plaintiff to abide by a Court Order and to prosecute his action.[10]

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: November 8, 2009

---

[10] After Plaintiff's Second Amended Complaint is screened by the Court, we will direct service of this pleading on the remaining Defendants, and we will direct Defendants to respond to Plaintiff's Motion for Reconsideration of the Court's Order denying his injunction requests.